# EXHIBIT A

{00349150.DOCX /v. 1 }

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY HOFFMAN, and J.P. MORGAN SECURITIES LLC, <br><br> Defendants. | Case No. 1:17-cv-02831 <br><br> **[PROPOSED] TEMPORARY RESTRAINING ORDER** |

This matter coming to be heard on Fidelity Brokerage Services LLC's ("Plaintiff" or "Fidelity") Motion for Temporary Restraining Order Against Timothy Hoffman ("Hoffman") and J.P. Morgan Securities LLC ("JPMorgan") (together, "Defendants"), due notice having been given to Defendants, and the Court being fully advised in the premises, the Court makes the following findings:

1. This Court has considered Plaintiff's Motion for Temporary Restraining Order Against Timothy Hoffman and J.P. Morgan Securities LLC, the Memorandum of Law filed in support, and all the submissions and arguments of the parties.

2. Plaintiff's submissions demonstrate that: (1) Fidelity has a substantial likelihood of success on its claims for breach of Hoffman's Employee Agreement and for misappropriation of certain trade secrets; (2) Fidelity is faced with a threat of irreparable harm from Hoffman's soliciting of Fidelity's clients as well as Hoffman's and JPMorgan's ongoing use and retention of Fidelity's trade secret and confidential business

information; (3) the balance of equities tips in Fidelity's favor; and (4) the public interest will be served by issuance of a temporary restraining order against Defendants.

On this basis, IT IS HEREBY ORDERED that:

    i.    Hoffman and JPMorgan are enjoined from (i) soliciting, inducing, or attempting to induce any customer or prospective customer with whom he had personal contact or about whom he otherwise learned during the course of his Fidelity employment for the purpose of providing financial advisory services; and (ii) using any Confidential Information of Fidelity (as defined in Hoffman's Employee Agreement) to solicit, induce, or attempt to induce any customer or prospective customer of Fidelity for the purpose of providing financial advisory services;

    ii.    Hoffman is enjoined and required to immediately return to Fidelity any Confidential Information of Fidelity (as defined in Hoffman's Employee Agreement) that he currently possesses, regardless of the format in which it is stored;

    iii.    Hoffman shall file a declaration attesting that he has returned to Fidelity all Confidential Information that is the subject of this Order within seven (7) days from the entry;

    iv.    JPMorgan shall file a declaration attesting that it has returned to Fidelity all Confidential Information that is the subject of this Order within seven (7) days from the entry;

    v.    Pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties will proceed to an expedited arbitration

        hearing on the merits before a duly appointed panel of arbitrators pursuant to Rule 13804 of the FINRA Code of Arbitration Procedure;

vi. Fidelity shall not be required to post security under Federal Rule of Civil Procedure 65(d) as a condition of obtaining the foregoing relief;

vii. This Order is effective immediately; and

viii. This Order shall remain in full force and effect pending arbitration on the merits before the FINRA arbitration panel.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF ILLINOIS